**James I. Julian, Appellee, v. Henry Pierson and Charles B. Pierson, Appellants.**

**Gen. No. 17,897.    (Not to be reported in full.)**

Appeal from the Superior Court of Cook county; the Hon. BENJAMIN W. POPE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed October 15, 1913. Rehearing denied October 24, 1913.

## Statement of the Case.

Action by James I. Julian against Henry Pierson and Charles B. Pierson for damages for personal injuries. From a judgment for plaintiff for six hundred dollars, defendant appeals.

MATZ, FISHER & BOYDEN, for appellants.

FREDERICK PEAKE and EDWARD H. TAYLOR, for appellee.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. TRIAL, § 195*—*when peremptory instruction may be given.* A peremptory instruction for defendant should not be given where there is evidence in the record which fairly tends to establish the plaintiff's right to recover as alleged in his declaration.

2. NEGLIGENCE, § 204*—*what evidence precludes peremptory instruction.* Where a plaintiff was knocked down and injured 'by a horse while crossing a street and the evidence tended to show due care by· such plaintiff and negligence by the defendant's servant, in that the horse was driven at an immoderate speed, a peremptory instruction was properly denied.

3. ROADS AND BRIDGES, § 240*—*what are questions of fact.* Whether a driver of a horse was negligent in driving rapidly and in not having hold of the lines, and whether the person knocked down and injured by such horse while crossing a street was exercising due care, *held* questions of fact as to which the jury's verdict will not be disturbed unless manifestly against the weight of the evidence.

4. INSTRUCTIONS, § 11*—*when word must be explained.* Where instructions, requested by the defendant, referring to acts that contributed to an injury, were modified by inserting the word "proximately" before "contributed," *held* that the use of such word without a definition, if erroneous, was an error that the defendant led the court into, and of which such defendant could not complain, since in another instruction prepared by them and given at their request the term "approximately contributed" is used and, as used, the words were synonymous.

5. INSTRUCTIONS, § 154*—*when modification is proper.* In action for injuries sustained by a person who was knocked down by a horse which the defendant's servant was driving, an instruction stating that if the accident was caused either wholly or in part by want of reasonable care "or attention to his situation" on the part of the plaintiff was properly modified by striking out the quoted words.

6. WITNESSES, § 317*—*when instruction is properly refused.* Where the record does not show that a witness had been in the employ of a defendant, the refusal of an instruction as to the duty of the jury not to disregard the testimony of such witness because of such employment was not error.

7. ROADS AND BRIDGES, § 239*—*what evidence is admissible to show negligence.* Where a person was injured by being knocked down by a horse while crossing a street, evidence which dealt solely with the desire of the driver to proceed on his journey after the accident should have been excluded, but in view of other evidence showing the same fact, and showing fast driving before the accident, the admission of such evidence was harmless.